CHICAGO & NORTHWESTERN RAILWAY COMPANY

v.

JOSEPH DRAKE.

*Railroads—Personal Injury—Passengers—Negligent Starting of Train—Intoxication—Evidence—Instructions.*

1. The conduct of a man, drunk or sober, at the time of a given transaction, is the subject of investigation, and if it was characterized by a proper degree of care and prudence, whether he made more or less effort to pursue that line of conduct is immaterial.

2. Total inattention to a passenger getting on in the dark, and starting a train while, with ordinary care, he is attempting to get on, when the circumstances are such as constitute an invitation to the passenger to make the attempt, render the company responsible for the consequences.

3. In an action against a railroad company to recover damages for injuries alleged to have been caused through the negligent starting of one of its trains, this court declines to interfere with the verdict for the plaintiff.

[Opinion filed May 8, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. W. C. GOUDY and W. B. KEEP, for appellant.

C. & N. W. Ry. Co. v. Drake.

Messrs. JAMES McGRATH and D. P. HENDRICKS, for appellee.

GARY, J.  Except as to the sufficiency of the evidence to justify the verdict, the only question presented by the brief of the appellants is upon the refusal of this instruction:

" The jury are instructed, as a matter of law applicable to this case, that if they believe from all the evidence in the case, that the plaintiff, at the time of the injury complained of, was intoxicated, that that fact is not an excuse for his not exercising due care and prudence for his own safety, but of itself makes it incumbent upon him to exercise great care and prudence when he places himself in a place of danger."

No argument is made or authority cited that a man intoxicated is required to exercise a greater degree of care and prudence than a sober one should do.  The conduct of the man, drunk or sober, at the time of the transaction, is the subject of investigation, and if that conduct is characterized by a proper degree of care and prudence, whether the man makes more or less effort to pursue that line of conduct is immaterial.

On the evidence the facts which the preponderance of it tends to prove, are, that May 5, 1885, at 10:40 P. M., a train of appellant was due, and arrived from the north at Rosehill Station, a few miles north of Chicago; the train made the usual stop, at the usual place; the platform is a very long one; the night was dark and wet; the station house was shut, and both house and platform unlighted; no conductor or brakeman took any notice whether any passenger left or took the train.  The appellee had been waiting on the platform five to ten minutes for the train, and attempted to get upon it; immediately after the train started a jolt was felt, a signal to stop given, the train backed again, and then it was found that the right foot of appellant had been crushed by the train.

He testified not so explicitly on his direct examination as he did under the antagonism of the cross-examination, that after the train stopped, he attempted to step upon the car step, and while he was so doing, the train started and the jerk threw him off.  If this was in fact the way the accident hap-

pened, and the appellee was exercising ordinary care in his attempt to get upon the train, the verdict is right. It was the duty of the company " to use all reasonable precaution for the safety of the traveling public." C. & A. R. R. Co. v. Wilson, 63 Ill. 167. Total inattention to a passenger getting on in the dark, and starting the train while, with ordinary care, he is attempting to get on, when the circumstances are such as constitute an invitation by the company to the passenger to make the attempt, make the company responsible for the consequences. There is some conflict in the testimony as to the condition of appellant as to sobriety. That matter was left to the jury under proper instruction.

A police sergeant testified that he saw the appellee attempt to get on the train, and that it was before the train stopped; that the train did not stop at the depot, but went about one hundred feet south; that it kept moving until after the accident; and then backed up one hundred feet or less. But he is so manifestly mistaken as to the movement of the. train, and it is so clear that the train was stopped the second time, and backed up because of the jolt felt upon the train after it started from the first stop, that the jury were fully warranted in believing that he was mistaken also as to the movements of the appellee.

No cause is shown for reversing the judgment, and it is therefore affirmed.

*Judgment affirmed.*